# MEMORANDUM
## TO THE HONORABLE LEONARD D. WEXLER
### Senior United States District Judge

RE:    **BALAGULA, Marat**

**DOCKET NO.:**    **92-CR-1147**
                        **92-CR-120**

**Clarification of Supervision Periods**

Reference is made to the above-named offender who was sentenced by Your Honor for two separate cases as follows:

**92-CR-120**

On November 6, 1992, the offender was sentenced by Your Honor to two consecutive five (5) year terms of imprisonment, followed by five (5) years probation to run consecutive to the terms of imprisonment, and a $150 special assessment fee. This sentence followed the offender's conviction of one count of Conspiracy to Evade Federal Excise Tax, in violation of 18 U.S.C. § 371; and two counts of Excise Tax Evasion, in violation of 26 U.S.C. § 7201. According to the U.S. Attorney's Office, the $150 special assessment fee was satisfied on September 5, 1997.

**92-CR-1147**

On December 29, 1995, the offender was sentenced by Your Honor to a sum total of seventy-seven (77) months imprisonment (consecutive to the sentence under 92-CR-120), followed by three (3) years supervised release to run consecutively to the terms of imprisonment, and a $250 special assessment fee. As special conditions, the offender was ordered to pay a $250,000 fine. This sentence followed the offender's conviction of one count of Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; and four (4) counts of Federal Excise Tax Evasion, in violation of 26 U.S.C. § 7201. According to the U.S. Attorney's Office, on August 17, 2006, the offender paid $50,000 in full satisfaction of the $250,000 fine. The $250 special assessment fee was not paid and has since expired.

**BALAGULA, Marat**                                     **92-CR-1147 / 92-CR-120**

The offender was also previously convicted of the following offenses:

**85-CR-492**  (Eastern District of Pennsylvania)

On March 14, 1990, the offender was sentenced by the Honorable James T. Giles, to seven (7) years imprisonment, five (5) years probation (consecutive to imprisonment term), and an $850 special assessment fee. As special conditions, the offender was ordered to pay a $250,000 fine and $270,427 restitution.[1]  This sentence followed the offender's conviction of seventeen (17) counts of Wire Fraud, in violation of 18 U.S.C. § 1343; Access Device Fraud, in violation of 18 U.S.C. § 1029 (a)(2); and Attempted Access Device Fraud, in violation of 18 U.S.C. § 1029 (b)(1).

**85-CR-605**  (Eastern District of New York)

On December 27, 1990, the offender was sentenced by the Honorable John R. Bartels, to one (1) year imprisonment (consecutive to the sentence under 85-CR-492),  and a $50 special assessment fee.  This sentence followed the offender's conviction of one count of Access Device Fraud, in violation of 18 U.S.C. § 1029 (b)(2); and (c)(1). According to the U.S. Attorney's Office, the $50 special assessment fee was not paid and has since expired.

On September 24, 2004, the offender was released on parole supervision. According to the U.S. Parole Commission,  the offender was paroled from the custody portion of his sentences under cases 85-CR-605 and 85-CR-492.  The offender successfully completed parole supervision on December 2, 2007.

The Probation Department initially calculated the offender's supervision final supervision expiration date as September 23, 2009, however, after reviewing the offender's judgement orders, we now believe it was the Court's intention for the offender to be supervised until *January 31, 2015.*

---

[1]According to the U.S. Attorney's Office, for criminal cases prior to April 24, 1996, outstanding financial obligations are only enforceable for a period of twenty (20) years after the entry of judgement (18 U.S.C. 3612 (b)). Therefore, the offender's obligation to pay the outstanding restitution, fine, and special assessment fees  expired prior to the offender's release from custody.

**BALAGULA, Marat**                                              **92-CR-1147 / 92-CR-120**

Our calculations are based on the following:

### 85-605 (EDNY) & 85-492 (EDPA)
The offender was paroled from custody on September 24, 2004, which he successfully completed on December 2, 2007. The five (5) year term of probation under 85-492 was ordered to commence upon the offender's release from incarceration. Therefore, it commenced on September 24, 2004, and is scheduled to expire on *September 23, 2009.*

### 92-120 (EDNY)
The five (5) year term of probation ordered under this docket number commenced on December 2, 2007, subsequent to the offender completing parole supervision (ordered consecutive to custody) and is scheduled to expire on *December 1, 2012.*

### 92-1147 (EDNY)
The three (3) year supervised release period ordered under this docket number will commence on December 1, 2012 and is scheduled to expire on *January 31, 2015 (Your Honor ordered that this period of supervised release run consecutive to supervision ordered under 92-120).*

On June 3, 2008, the offender was informed of our determination that he should be supervised until January 31, 2015, and he objected to our calculations.

### SUPERVISION ADJUSTMENT:

The offender has been compliant while under supervision. Upon release from custody, he was employed as the owner and general manager of the Odessa Restaurant in Brooklyn. In December 2007, the offender's wife sold the restaurant and the offender obtained employment as a salesman for "Olma Wholesale Food Distributor" in Brooklyn. The offender has reported as directed and complied with all of the requests made by the undersigned officer.

### RECOMMENDATION:

Based on our interpretation of 18 U.S.C. § 3624 (e), which states *"The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation, supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release."*, the Probation Department respectfully recommends that all of the terms of supervision be credited upon the offender's release from imprisonment on September 24, 2004, making the offender's final expiration date *September 23, 2009.*

**BALAGULA, Marat**                                      **92-CR-1147 / 92-CR-120**

Given the complex nature of the offender's multiple sentences, the Probation Department respectfully requests that Your Honor review our determinations to ensure that we are accurately enforcing the Courts orders at the time of sentencing. We have provided copies of the offender's four judgement orders for Your Honor's review.

We respectfully await Your Honor's decision in this matter.

RESPECTFULLY SUBMITTED:

TONY GAROPPOLO
CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
                       Richard Azarian
                       Sr. U.S. Probation Officer
                       347-534-3424

APPROVED BY: _____
                       Guillermo Figueroa
                       Supervising U.S. Probation Officer

June 24, 2008

The Court directs the following:

☑   The offender shall be supervised until September 23, 2009

☐   The offender shall be supervised until January 31, 2015

☐   Other directive _____

_____              ___7/2/08___
U.S. District Judge                        Date

Page 4 of 4